# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
INOCENCIO GARCIA-GOMEZ

*Defendant(s)*

Case No. 2:26-MJ-37

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 18, 2026 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

J. Hines
*Complainant's signature*

Special Agent Jason Hines, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 2/18/2026

s/Abizer Zanzi
*Judge's signature*

City and state: Hammond, IN

Hon. Abizer Zanzi, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, JASON HINES, being duly sworn, state as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed for approximately sixteen years. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that INOCENCIO GARCIA-GOMEZ, has violated Title 8, U.S. Code, Section 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported or removed to Mexico. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging GARCIA-GOMEZ with Reentry of Removed Alien, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that GARCIA-GOMEZ committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by

U.S. Immigration and Customs Enforcement ("ICE"), other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, GARCIA-GOMEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that GARCIA-GOMEZ was born in Mexico in 1973 and originally entered the United States without inspection on an unknown date.

5. DHS records indicate GARCIA-GOMEZ was apprehended by U.S. immigration officials on or about August 18, 1999, at or near Chicago O'Hare International Airport, while attempting to enter the U.S. using another individual's identification documents. GARCIA-GOMEZ was served a Notice and Order of Expedited Removal and removed to Mexico on or about August 19, 1999 via Chicago, Illinois.

6. DHS records indicate GARCIA-GOMEZ was apprehended by U.S. Border Patrol agents on or about January 12, 2005, at or near Animas, New Mexico. GARCIA-GOMEZ was served a Notice of Intent/Decision to Reinstate Prior Order. GARCIA-GOMEZ was charged in the U.S. District Court for the District of New Mexico for the offense of Illegal Entry, in violation of Title 8, U.S. Code, Section 1325(a)(1). GARCIA-GOMEZ was, on or about March 2, 2005, convicted and sentenced to 52 days' time served. GARCIA-GOMEZ was removed to Mexico on or about March 3, 2005, at or near El Paso, Texas.

7. GARCIA-GOMEZ was arrested by U.S. Immigration and Customs Enforcement on or about August 13, 2012, at or near Crown Point, Indiana, following his arrest in Saint John, Indiana for auto theft. GARCIA-GOMEZ was served a Notice of Intent/Decision to Reinstate Prior Order and removed to Mexico on or about August 24, 2012, at or near Brownsville, Texas.

8. DHS records indicate GARCIA-GOMEZ was again apprehended by U.S. Border Patrol agents on or about September 11, 2012, at or near Casa Grande, Arizona. GARCIA-GOMEZ was served a Notice of Intent/Decision to Reinstate Prior Order and removed to Mexico on or about September 14, 2012, at or near Calexico, California.

9. Additionally, DHS records reflect that GARCIA-GOMEZ has not applied for or received permission to reenter the United States after his last removal in 2012.

10. On February 14, 2026, I was contacted by the Crown Point Police Department (CPPD) following their arrest of GARCIA-GOMEZ in Crown Point, Lake County, Indiana for operating a motor vehicle without ever receiving a license. A CPPD officer provided me with a photograph of a Mexican identification card belonging to GARCIA-GOMEZ.




11. I queried the information provided by the CPPD officer through DHS databases, which revealed the identifying information was linked to removal records and criminal history for GARCIA-GOMEZ.

12. I provided photographs associated with GARCIA-GOMEZ's 2005 and 2012 removals to the CPPD officer. The CPPD officer confirmed the photographs matched GARCIA-GOMEZ that was arrested on February 14, 2026 in Crown Point, Indiana.

13. GARCIA-GOMEZ was booked into the Lake County Jail on February 14, 2026 and an immigration detainer was provided to the Lake County Jail the same day.

14. On February 18, 2026, I arrested GARCIA-GOMEZ at the Lake County Jail pursuant to the immigration detainer and based on probable cause for violating Title 8, U.S. Code, Section 1326(a), Reentry of Removed Alien.

15. I transported GARCIA-GOMEZ to the Hammond City Jail in Hammond, Indiana for further processing. During the transport and again at the Hammond City Jail, I advised GARCIA-GOMEZ of his *Miranda* rights, in Spanish, via a pre-printed card. GARCIA-GOMEZ indicated he understood his rights. The advisement at the Hammond City Jail was with the assistance of a Spanish interpreter.

16. GARCIA-GOMEZ admitted he was a native of Mexico, was previously removed from the United States, and did not obtain permission to reenter the United States after his removals.

17. Fingerprints I collected from GARCIA-GOMEZ during processing on February 18, 2026, matched a criminal history report associated with Federal Bureau of Investigation (FBI) Universal Control Number (UCN) ******MB7, commonly known as a "FBI Number." This criminal history report, which biometrically links arrests via fingerprints, indicates GARCIA-GOMEZ was arrested by U.S. immigration officials in 1999, 2005, and 2012, which resulted in GARCIA-GOMEZ's removals to Mexico on or about August 19, 1999, March 3, 2005, August 24, 2012 and September 14, 2012.

18. Based upon the foregoing, I respectfully submit that there is probable cause to believe that GARCIA-GOMEZ, being an alien who previously had been deported and removed from the United States on or about August 19, 1999, March 3, 2005, August 24, 2012 and September 14, 2012, was present

and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, U.S. Code, Section 1326(a).

FURTHER AFFIANT SAYETH NOT.

J. Hines

JASON HINES
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means, to wit, email, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 18th day of February, 2026.

s/Abizer Zanzi

HONORABLE ABIZER ZANZI
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA